UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>    Plaintiff,<br>  v.<br><br>CUAUHTEMOC BARRON, MOHAMMED VAHDATPOUR, CHRISTINE VAHDATPOUR, and DOES 1-50<br><br>    Defendants. | No. 14-cv-3320 LB<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT<br><br>[ECF No. 8, 11] |

**INTRODUCTION**

This is a case under the Americans with Disabilities Act ("ADA") and similar California statutes. Plaintiff Jose Daniel Castillo-Antonio alleges that a store in Richmond is inaccessible to wheelchair occupants and violates other requirements of federal and state law. (Complaint – ECF No. 1 at 2-3.) He sues the owners of both the market itself and the property on which the market is located. Defendants Mohammed Vahdatpour and Christine Vahdatpour allegedly own the subject property. (ECF No. 1 at 2, ¶ 3.) The market is allegedly owned by defendant Cuauhtemoc Barron and by the defendant that the amended complaint would add, Ali Harbi. (*Id.*; First Amended Complaint – ECF No. 11-3 at 2, ¶ 3.) The plaintiff seeks to amend his complaint to add Harbi as a defendant. (ECF No. 11.) The court finds this motion suitable for determination without a hearing, Civ. L.R. 7-1(b), and vacates the January 15, 2015 hearing. For the reasons stated below, the court grants the motion.

## ANALYSIS

Pleading amendment is governed primarily by Rule 15 of the Federal Rules of Civil Procedure. It is not entirely clear whether the plaintiff needs leave of court to file this amendment, or whether he may file it "as a matter of course" under Rule 15(a)(1). "Matter of course" amendments are tied to the service date of the pleading that would be amended; in this case, it appears that only two of the three original defendants have been successfully served with the original complaint. (*See* ECF Nos. 7, 10.)

That uncertainty does not affect this analysis. To the extent that the court's leave is required, the court grants it. Rule 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). Rule 15 must be read in conjunction with Rule 21, which states: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Ninth Circuit has said: "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County*, 708 F.3d at 1117 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The court finds that none of these factors (of the ones potentially relevant here) impedes the sought amendment. Above all, allowing Mr. Castillo-Antonio to add Harbi as an owner of the market would not unduly prejudice any of the other parties. The only potential issue is delay. The material that Mr. Castillo-Antonio has submitted with his motion indicates that he received a letter from Harbi, claiming ownership of the business, in early July 2014: the letter is dated July 9 and postmarked July 12. (ECF No. 11 at 5-6.) This case was filed on July 23, 2014. (ECF No. 1.) The plaintiff moved to amend his complaint to add Harbi on November 15, 2014. (ECF No. 11.) But even if this delay were undue, delay alone does not bar amendment. *See Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999). This is especially true given that this case is in its earliest stages. *See Sonoma County*, 708 F.3d at 1118 ("[T]he mere fact that an amendment is offered late in the case . . .

is not enough to bar it.") (quoting authorities).  Delay must instead be accompanied by the movant's bad faith, futility in making the amendment, or prejudice to non-moving parties. *Bowles*, 198 F.3d at 758.  "The consideration of prejudice" to non-moving parties "carries the greatest weight."  *Sonoma County*, 708 F.3d at 1117 (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).  Here, the court can see no prejudice from the proposed amendment. Considering all this in light of Rule 15's extremely liberal amendment policy, the court grants the plaintiff's motion for leave to amend.

## CONCLUSION

The court grants the plaintiff's motion (ECF No. 11) to amend his complaint to add Ali Harbi as a defendant.  Because this is a new complaint, the court orders the plaintiff to serve, not only the new defendant, Ali Harbi, but also the other defendants, including the defaulting Cuauhtemoc Barron.  The court directs the clerk to file the First Amended Complaint that is attached (ECF No. 11-3) to the plaintiff's motion. The court thus denies as moot the pending motion for entry of default against Barron (ECF No. 8).

This disposes of ECF Nos. 8 and 11.

**IT IS SO ORDERED.**

Dated: December 16, 2014.

_____
LAUREL BEELER
United States Magistrate Judge