UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JOSE DANIEL CASTILLO-ANTONIO,

    Plaintiff,

v.

CUAUHTEMOC BARRON, et al.,

    Defendants.

Case No. 14-cv-03320-LB

**ORDER GRANTING MOTION TO AMEND COMPLAINT**

[Re: ECF No. 18]

## INTRODUCTION

This is a case under the Americans with Disabilities Act ("ADA") and similar California statutes. Plaintiff Jose Daniel Castillo-Antonio alleges that a store in Richmond is inaccessible to wheelchair occupants and violates other requirements of federal and state law. (1st Am. Compl. – ECF No. 13 at 2-4.)[1] He sues the owners of both the market itself and the property on which the market is located. Defendants Mohammed Vahdatpour and Christine Vahdatpour allegedly own the subject property. (*Id.* at 2, ¶ 3.) The market is allegedly owned by defendants Cuauhtemoc Barron and Ali Harbi. (*Id.*) The plaintiff seeks to amend his complaint to add Bahman Emam as a defendant. (ECF No. 11.) Emam is apparently another owner of the subject property. The plaintiff explains (and has submitted evidence) that, days after she was served with the complaint in this

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

case, Christine Vahdatpour filed a quitclaim deed with the Contra Costa County Recorder that ceded her interest in the property to Emam. (ECF No. 18 at 3 (¶ 1), 6.) The court finds this motion suitable for determination without a hearing, Civ. L.R. 7-1(b), and vacates the April 30, 2015 hearing. For the reasons stated below, the court grants the motion.

## ANALYSIS

Pleading amendment is governed primarily by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). Rule 15 must be read in conjunction with Rule 21, which states: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Ninth Circuit has said: "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County*, 708 F.3d at 1117 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The court finds that none of these factors (of the ones potentially relevant here) impedes the sought amendment. Above all, allowing Mr. Castillo-Antonio to add Emam as an owner of the subject property would not unduly prejudice any of the other parties. The plaintiff's lawyer explains that he learned of the quitclaim deed sometime after he filed the First Amended Complaint. (ECF No. 18-1 at 1, ¶ 1.) This was on December 16, 2014. (ECF No. 13.) The plaintiff filed this motion to amend on March 9, 2015. (ECF No. 18.) In the context of this case, this does not amount to undue delay. This is especially true given that this case is in its earliest stages. *See Sonoma County*, 708 F.3d at 1118 ("[T]he mere fact that an amendment is offered late in the case . . . is not enough to bar it.") (quoting authorities). Delay moreover must be accompanied by the movant's bad faith, futility in making the amendment, or prejudice to non-moving parties. *Bowles*, 198 F.3d at 758. "The consideration of prejudice" to non-moving parties "carries the greatest weight." *Sonoma County*, 708 F.3d at 1117 (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316

1  F.3d 1048, 1052 (9th Cir. 2003)). Here, the court can see no prejudice from the proposed
2  amendment. Considering all this in light of Rule 15's extremely liberal amendment policy, the
3  court grants the plaintiff's motion for leave to amend.

4  The plaintiff also asks that he not be required to serve the Second Amended Complaint on the
5  defaulted defendants, Barron and Harbi. (ECF No. 18 at 4-5, ¶ 7.) He notes that Barron has
6  defaulted twice and Harbi had defaulted once. (*See* ECF Nos. 9, 17.) He observes that the new
7  complaint "changes nothing about the allegations [in this case]. It merely adds the new defendant,
8  Bahman Emam." (ECF No. 18 at 4-5, ¶ 7.) The court acknowledges the plaintiff's discomfort at
9  being put to the expense of again serving defendants who have already defaulted. The court must
10 also be mindful, however, of the strong federal policy in favor determining cases, whenever
11 possible, on the merits. *See, e.g., Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). In view
12 of that policy, and the facts of this case, the court orders the plaintiff to serve the Second Amended
13 Complaint on defendant Harbi. The plaintiff need not serve Barron. Should the plaintiff move for
14 default judgment, the court will direct the plaintiff to serve copies of its motion on all defendants
15 (though, at that point, notice short of formal service may suffice).

## CONCLUSION

17 The court grants the plaintiff's motion (ECF No. 18) to amend his complaint to add Bahman
18 Emam as a defendant. The court orders the plaintiff to serve, not only the new defendant, Bahman
19 Emam, but also the defaulted defendant, Ali Harbi. The plaintiff need not serve the defaulted
20 defendant, Cuauhtemoc Barron. The court directs the clerk to file the Second Amended Complaint
21 that is attached (ECF No. 18-3) to the plaintiff's motion.

22 This disposes of ECF No. 18.

23 **IT IS SO ORDERED.**

24 Dated: April 6, 2015

LAUREL BEELER
United States Magistrate Judge